Case 2:21-cv-00091-TLN-AC    Document 9    Filed 03/02/22    Page 1 of 9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMEL JOWAN WILSON,<br><br>    Plaintiff,<br><br>  v.<br><br>R. SHELTON, et al.,<br><br>    Defendants. | No. 2:21-cv-0091 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff has also filed a motion for an injunction. ECF No. 6.

For the reasons stated below, Plaintiff will be given the opportunity to amend the complaint. In addition, the undersigned will recommend that Plaintiff's motion for an injunction be denied.

I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

////

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II. PLAINTIFF'S COMPLAINT

Plaintiff, an inmate at High Desert State Prison ("HDSP"), names HDSP Correctional Case Records Analysts R. Shelton, D. Murphy, M. Hoff, and S. Witchell, T. Thompson, J. Pickett, K. Wallace, and A. Garsa as defendants in this action.[1] ECF No. 1 at 1-3. The complaint presents three claims, all of which relate to Defendants' alleged failure to apply the abstract of judgment and legal status summary generated in two state cases of Plaintiff's when calculating his sentence. Id. at 4-6. Specifically, Plaintiff claims that Defendants failed to follow the state

---

[1] Although Plaintiff does not identify Defendants T. Thompson, J. Pickett, K. Wallace, and A. Garsa individually as Correctional Case Records Analysts (see ECF No. 1 at 1-3), he does reference "the named Defendants" as "correctional case records analysts." See generally ECF No. 1 at 1-3.

2

court directives in the two judgments which ordered that the sentences be served concurrently. See ECF No. 1 at 5-6. Defendants allegedly failed to "apply [his] concurrent credit rate and actual days in custody." Id. at 6. Plaintiff alleges this violated his rights to due and access to courts. Id. at 4-6.

Plaintiff further asserts that because Defendants failed to apply the sentences in his two state cases concurrently, he has experienced harms including intentional infliction of emotional distress, medical malpractice, legal malpractice, discrimination, false arrest, and libel.[2] See ECF No. 1 at 4. In addition, Plaintiff alleges that his right hand was broken and that he has been subjected to unprofessional cavity searches, property damage, the hazards of trial, and punitive damages that accompany county and state incarceration. Id. at 5-6.

To remedy Plaintiff's harm, he seeks alternative dispute resolution pursuant to California Rules of Court Subsection 3.800(i). Id. at 7. He also asks the Court to enforce California Penal Code Section 851.8, asking that it be applied, "toward any accusatory pleading within the jurisdiction of [the] Department of Justice." See id. Finally, Plaintiff asks the Court to "include a set up or citation with [him] per § 7.11 Cal. Crim. Law and procedure practice." Id. He seeks monetary damages that exceed $25,000.00. See id.

### III. PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

Plaintiff's motion for injunctive relief is in the form of a letter which asks the Court for "relief out of CDCR custody." ECF No. 6 at 1. Attached to it is what Plaintiff describes as "an accurate legal status summary which is the cause of action." Id. The motion further states, in relevant part, that the Office of the Attorney General "may need to run a query in [Plaintiff's] name in order to enforce the judgment of the [state trial] court as to apply concurrent all credits." Id.

////

////

---

[2] Plaintiff alleges no facts supporting his assertion that there is a causal link between Defendants' purported failure to properly implement the abstracts of judgment in his cases and the physical and mental health injuries he has experienced. See generally ECF No. 1 at 4-6. Therefore, the Court does not address the assertion.

3

IV. FAILURE TO STATE A CLAIM

A. Nexus to Duration of Custody

At the core of both Plaintiff's complaint and his motion for injunctive relief is the assertion that Defendants have either misapplied or incorrectly calculated his sentence and that these errors have improperly affected the duration of his custody. ECF Nos. 1, 6. Plaintiff accordingly alleges that he is being subject to "unlawful detainer" (ECF No. 1 at 5), and states that he is "in need of emergency injunctive relief out of CDCR custody" (ECF No. 6 at 1). Plaintiff contends the erroneous sentencing calculation has violated his right to access the courts and his right to due process. ECF No. 1 at 4-6.

The complaint does not specify what sentences were imposed by the trial court, precisely how Defendants miscalculated Plaintiff's sentence, or what the sentence and presumptive release date would be if calculated correctly. Plaintiff generally references "concurrent cases at a credit rate of 50%," and states in conclusory fashion that his continued incarceration demonstrates the effect of Defendants' error. Id. at 4, 6. The latter statement suggests that plaintiff is currently being held in custody in violation of his rights. Both statements imply that a finding of error by Defendants, and its correction, would necessarily result in an earlier release date.

Claims challenging the fact or duration of a criminal sentence—including claims that challenge administrative actions affecting the length of custody—fall within the core of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). State prisoners may not attack the fact or length of their confinement in a § 1983 action and "habeas corpus is the appropriate remedy" for such claims. Id. at 490; see also Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016) (holding that habeas corpus is the exclusive remedy for claims that lie at the core of habeas, while § 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas).

The complaint before the court does not contain enough facts about Plaintiff's sentence(s) and the alleged errors to permit determination whether his claims may be brought under § 1983 or must be brought in habeas. If success on his claims would necessarily lead to speedier release, Plaintiff's claims fall within the core of habeas jurisdiction. See Nettles, supra. In that case, a suit for damages may not be brought unless and until Plaintiff first has his sentence set aside or

4

corrected, in habeas proceedings or otherwise. See Edwards v. Balisok, 520 U.S. 641, 643 (1997); Heck v. Humphrey, 512 U.S. 477, 487 (1994).

B. Claims Fail to State a Claim Upon Which Relief May Be Granted

The complaint alleges in general terms that Defendants violated Plaintiff's First and Fourteenth Amendment rights when they failed to follow the trial court's abstract of judgment and legal status summary to properly apply the concurrent credit rate and calculate Plaintiff's actual days in custody. ECF No. 1 at 4-6. In support of his general assertions regarding the proper method of calculation, Plaintiff cites to what appear to be state prison regulations and/or criminal code sections as well as various Senate bills. Id. at 5-6.

Despite Plaintiff's invocation of his federal Constitutional rights, all three of Plaintiff's claims are based in state law. Accordingly, they are not cognizable under Section 1983. "Section 1983 limits a federal court's analysis to the deprivation of rights secured by the federal 'Constitution and laws'." Lovell By & Through Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996); Estelle v. Gamble, 502 U.S. 62, 68 (1991). The statute requires a plaintiff to demonstrate a violation of federal law, not state law. See Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007).

Plaintiff cannot transform a state law issue into a federal one by merely asserting a violation of due process. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996); see, e.g., Paul v. Davis, 424 U.S. 693, 700 (1976) (requiring Section 1983 claim show specific constitutional guarantee safeguarding interests that have been invaded). Moreover, a state or local government's failure to enforce its own procedures or regulations is not grounds for a federal claim. See Case v. Kitsap County Sheriff's Dept., 249 F.3d 921, 930 (9th Cir. 2001) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir 1997) ("[T]here is no § 1983 liability for violating prison policy. [Plaintiff] must prove that [the official] violated his constitutional right . . . ")); see, e.g., Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (citing Case); Ove v. Gwinn, 265 F.3d 817, 824 (9th Cir. 2001) (finding allegation that the drawing of plaintiff's blood by those not authorized to do so under California Vehicle Code, without more, did not state constitutional claim).

For these reasons, the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1). Although it does not appear that Plaintiff will be able to cure these deficiencies, he will be given an opportunity to amend the complaint.

## V. MOTION FOR INJUNCTIVE RELIEF

Plaintiff's motion, which seeks "emergency injunctive relief out of CDCR custody" (see ECF No. 6 at 1), must be denied because the claims Plaintiff has presented in the instant complaint are not cognizable for the reasons explained above. Consequently, this Court has no jurisdiction to grant an injunction.

"[W]here there is no underlying cause of action over which the district court has primary jurisdiction, it may not entertain an application for an injunction." Sires v. State of Washington, 314 F.2d 883, 884 (9th Cir. 1963). Because Plaintiff has not presented a cause of action over which this Court has jurisdiction, Plaintiff's motion cannot be considered. See generally City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); O'Shea v. Littleton, 414 U.S. 488, 493-96 (1974). Therefore, the undersigned will recommend that the motion for preliminary injunction be denied.

## VI. LEAVE TO AMEND

If Plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. See generally Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (brackets added) (citations omitted).

Plaintiff is also informed that the Court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an

amended complaint supersedes the original complaint. Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) (citing Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal)).  Once Plaintiff files an amended complaint, the previous complaints no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VII. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

The Court has determined that your complaint fails to state claims upon which relief may be granted.  This is because each of your claims ask the Court to interpret California regulations and state law and to determine whether Defendants have properly implemented the state court orders in the abstracts of judgment and legal status summaries for your two state cases.

If you are claiming that the length of your sentence has been affected by Defendant's mistakes, then you need to bring a habeas petition and not a civil rights lawsuit.  If you want damages for having been incarcerated too long, you must first get the sentence corrected or set aside on appeal or in habeas before filing a lawsuit for damages.

As a separate matter, section 1983 does not allow this Court to review Defendants' application of state law and regulations to your case, and to decide whether they were properly applied.  Your claims cannot be turned into federal ones just by describing them as violations of your First and Fourteenth Amendment rights.  The facts in your complaint do not show more than alleged errors of state law.  You may amend the complaint if you think you can fix these problems.

Finally, because your complaint fails to state claims upon which relief may be granted, the Court does not have jurisdiction at this stage in the proceedings to grant an injunction.  However, if you file an amended complaint that does state a claim under § 1983, you may file a motion for injunctive relief at that time.

////

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall:

    a. Randomly assign a District Court Judge to this action, and

    b. Send Plaintiff a copy of the Civil Rights Complaint By A Prisoner form used in this district;

2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this Court's order to the Director of the California Department of Corrections and Rehabilitation issued concurrently herewith;

4. Plaintiff's complaint has been screened and found not to state any claim for relief; and

5. Within thirty days from the date of service of this order, Plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS FURTHER RECOMMENDED that Plaintiff's motion for an injunction (ECF No. 6) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////

////

////

time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 2, 2022

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE